UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KRAVIS & ASSOCIATES, PLLC**
31275 Northwestern Hwy., Ste. 145
Farmington Hills, MI 48334
Tel: 248-516-1275
Andrew R. Kravis, Esq.
*Attorneys for Jasmin Caban*

| | |
|---|---|
| In re:<br><br>Cesar Humberto Pina,<br><br>Debtor. | Case No.: 25-10199 (SLM)<br><br>Chapter 7<br><br>Judge: Hon. Stacey L. Meisel<br><br>Adversary Proceeding No.: |
| ENISA BERISHA,<br>Plaintiff.<br><br>v.<br><br>CESAR HUMBERTO PINA<br>Defendant. | |

## COMPLAINT

Plaintiff, Enisa Berisha, by and through her counsel, submits this Complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. §523(a) (the "Complaint") against Defendant, Cesar Humberto Pina (the "Defendant"), and in support of same alleges as follows:

## PRELIMINARY STATEMENT

1. This is an Adversary proceeding brought by the Plaintiff and against the Defendant pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(2)(B), 11 U.S.C. §523(a)(4)

and 11 U.S.C. §523(a)(6).

2. The debt that the Defendant owes the Plaintiff arises from the Defendant's fraudulent conduct perpetrated with willful and malicious intent to injure the Plaintiff.

3. Defendant, along with his accomplices, engaged in a fraudulent scheme to convince the Plaintiff to "invest" large sums of money based on numerous false promises and fraudulent statements.

4. Defendant fraudulently enticed the Plaintiff to give him, or one of his companies, money to allegedly purchase, renovate and subsequently flip various parcels of real estate, on the promise that the Plaintiff's money would be returned in full, plus interest, within 5 months.

5. Unfortunately, many months/years after Plaintiff was due to receive its funds/return from Defendant, it appears that said funds have disappeared with nothing to show for Plaintiff's "investment".

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §157 and §1334, 11 U.S.C. §523(a)(2), (a)(4) and (a)(6), and Bankruptcy Rule 7001(6).

7. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

8. Venue lies in this district pursuant to 28 U.S.C. §1409.

**FACTS COMMON TO ALL COUNTS**

9. In or around August 2022, Plaintiff was introduced to Defendant, Cesar Pina, through a mutual friend who had invested with Defendant in the past.

10. At the August 30, 2022, meeting, Defendant, Cesar Pina, represented that he has vast

experience in the business of purchasing, rehabilitating and flipping homes, that he was the author of the #1 real estate book out at the time and that his business was flourishing as evidenced by his vase social media following.

11. Defendant, Cesar Pina, stressed that he works with numerous celebrities, his past projects have all been extremely successful and he was even a regular guest on the radio program, The Breakfast Club, promoting his business with DJ Envy where they look for new individuals to partner with them to make some "real" money.

12. On or about August 26, 2022, Plaintiff met with Defendant, where Plaintiff advised that she had recently settled a lawsuit against a man who had abused and sexually assaulted her and the Plaintiff, who was pregnant at the time, was looking for a way to invest the settlement proceeds to ensure she and her child would be financially secure for the foreseeable future.

13. Defendant, Cesar Pina, represented that if Plaintiff provided Two Hundred Fifty Thousand Dollars ($250,000.00) for the purchase of the first property located in Paterson, NJ, Defendant would be able to complete the renovations, sell the renovated property and return to Plaintiff her money plus an additional 30% within 5 months.

14. Shortly thereafter, Defendant, Cesar Pina, advised Plaintiff that he had identified a second property, in Paterson, NJ, and requested Plaintiff again provide capital in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) for the purchase of same.

15. Just like the first Paterson property, Defendant advised that once the second Paterson property was purchased, they would renovate the property, resell same and Plaintiff would receive a return of her capital plus 30% within five (5) months.

16. Lastly, Defendant, Cesar Pina, advised Plaintiff that he had identified a third property, located in Paterson, NJ, and requested that Plaintiff provide capital in the amount of $100,000.00 for the purchase of same.
17. Just like with the first two Paterson properties, Defendant advised that once the third Paterson property was purchased, they would renovate the property, resell same and Plaintiff would receive a return of her capital plus 30% within 5 months.
18. At the conclusion of the August 26, 2022, meeting, Defendant provided Plaintiff with Three (3) Agreements, entitled Joint Venture Agreement, memorializing the terms of the proposed deals.
19. On or about August 29, 2022, the Parties executed the Three (3) Joint Venture Agreements.
20. Plaintiff subsequently provided Defendants with the requested capital for the purchase of the Three (3) Paterson properties.
21. Upon information and belief, Defendant never intended to utilize Plaintiff's capital for the purchase of the Paterson properties, as same were already owned by the Defendant.
22. The representations contained in the Three (3) Joint Venture Agreements provided by the Defendant were knowingly false and intended to deceive the Plaintiff.
23. Defendant made numerous false and misleading representations to Plaintiff with the expectation that she would rely upon same and provide the requested capital.
24. After providing Defendant with the agreed upon capital, Plaintiff requested additional information concerning the projects.
25. Subsequent to receiving Plaintiff's capital, Defendant ceased responding to Plaintiff's inquiries in a timely manner and became elusive. When Defendant did respond to

Plaintiff, Defendant wouldn't provide any details, but rather would attempt to appease Plaintiff with false promises that payments would be coming in the very near future.

26. Between November 2022 and January 30, 2023, Plaintiff waited for the Maplewood and Hawthorne projects to be completed and was made to believe that all was proceeding, as planned.

27. Despite failing to provide any information in response to Plaintiff's numerous correspondence, on or around January 9, 2023, Defendant sent the sum of Eighty Thousand Dollars ($80,000.00) to Plaintiff in an attempt to appease her.

28. Plaintiff subsequently sent numerous correspondence to Defendant between February 1, 2023 and July, 2023, requesting detailed information as to the status of the projects and when Defendant would be making the required and past-due payments.

29. Defendants failed to respond to Plaintiff's numerous inquires and did not provide any of the requested information.

30. As a result of Defendant's failure to provide Plaintiff with the funds to which she was due and/or to provide the requested information, Plaintiff was forced to send a formal demand, through counsel, demanding the overdue funds and previously requested information.

31. Despite continuing to maintain that the properties are in the process of being sold and closings were imminent, Defendant has failed to provide any documentary proof to substantiate same, to date.

32. Defendant has failed to repay Plaintiff the overdue capital and/or 30% return, to date, except for the one-time payment of Eighty Thousand Dollars ($80,000.00).

33. Defendant is an individual that holds himself out as an expert in the real estate flipping

business. As a result, Defendant was well aware of what was required in order to complete the three (3) proposed projects and the timeframe for when Plaintiff would receive the monies owed to her.

34. Defendant made numerous representations that the Projects were proceeding and closings were imminent, despite the fact that no closings ever occurred and he has failed to provide any documentation to substantiate the representations.

35. The chain of events that Plaintiff experienced in dealing with Defendant is not unique to the instant transaction. Upon information and belief, Defendant's unlawful and deceptive trade practices are standard operating procedure, to which numerous other unsuspecting consumers/individuals have fallen victim.

**FIRST COUNT**
**(Non-Dischargeability Pursuant to 11 U.S.C. §523(a)(2)(A))**

36. The Plaintiff repeats and re-alleges the allegations set forth above as if set forth at length herein.

37. 11 U.S.C. § 523(a)(2)(A) provides that a

"discharge under section 727, 1141, 1128(a), 1228(b), or 1238(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the obtained by –

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

38. The Defendant made the false representations set forth herein in order to induce the Plaintiff to invest in the various joint venture agreements.

39. At all relevant times, the Defendant knew that the representations fully set forth herein that he made to the Plaintiff were false.

40. The Defendant made the false representations set forth herein with the intent of inducing the Plaintiff to invest in the various joint venture agreements knowing that the Plaintiff would be damaged by the false representations.

41. The Plaintiff relied on the false representations of the Defendant set forth herein in investing in the various joint venture agreements.

42. In light of all of the circumstances set forth herein, the Plaintiff's reliance on the false representations of the Defendant was reasonable.

43. Based on the Defendant's conduct set forth herein, the Plaintiff suffered damages in the amount of her investments in the various joint venture agreements along with other related losses.

**WHEREFORE**, Plaintiff seeks a declaration that the monies owed to her by the Defendant in connection with her investments through the various joint venture agreements is a non-dischargeable debt which is the responsibility of the Defendant under 11 U.S.C. §523(a)(2)(A). along with an award of compensatory damages, counsel fees, cost of suit and such other and further relief as the Court deems just and equitable.

**SECOND COUNT**
**(Non-Dischargeability Pursuant to 11 U.S.C. §523(a)(2)(B))**

44. The Plaintiff repeats and re-alleges the allegations set forth above as if set forth at length herein.

45. 11 U.S.C. § 523(a)(2)(B) provides that a

"discharge under section 727, 1141, 1128(a), 1228(b), or 1238(b) of this title does

not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(B) use of a statement in writing –

(i) that is materially false;

(ii) representing the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

46. The Defendant made various statements in writing to the Plaintiff set forth herein to induce the Plaintiff to invest in the various joint venture agreements that were materially false.

47. The Defendant made various false statements in writing to the Plaintiff set forth herein representing the Defendant's financial condition, the financial condition of the Defendant's entities, and the financial condition of the Defendant's investment opportunities including the various joint venture agreements.

48. The Plaintiff reasonably relied on the false statements made in writing by the Defendant in deciding to invest in the various joint venture agreements.

49. The false statements made in writing by the Defendant to the Plaintiff were made with the intent to deceive the Plaintiff into investing in the various joint venture agreements.

50. Based on the Defendant's conduct set forth herein, the Plaintiff suffered damages in the amount of her investments in the various joint venture agreements along with other

related losses.

**WHEREFORE**, Plaintiff seeks a declaration that the amounts owed to her by the Defendant in connection with her investments in the various joint venture agreements is a non-dischargeable debt which is the responsibility of the Defendant under 11 U.S.C. § 523(a)(2)(B); along with an award of compensatory damages, counsel fees, cost of suit and such other and further relief as the Court deems just and equitable.

**THIRD COUNT**
**(Non-Dischargeability Pursuant to 11 U.S.C. §523(a)(4))**

51. The Plaintiff repeats and re-alleges the allegations set forth above as if set forth at length herein.
52. 11 U.S.C. § 523(a)(4) provides that "a discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor of any debt-(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."
53. The wrongful acts perpetrated by the Defendant against the Plaintiff described herein all occurred while the Defendant was in a position of trust over the Plaintiff's investments in the various joint venture agreements acting in a fiduciary capacity.
54. At all relevant times prior to the fraud being uncovered as fully described herein, the Defendant, and his confederates, outwardly appeared to be trustworthy investment partner(s).
55. The Plaintiff relied on the Defendant's representations that he was a loyal investment partner in deciding to invest in the various joint venture agreements.
56. The Defendant exploited his position of trust by converting Plaintiff's invested funds for the various joint venture agreements for his own personal use and/or the personal use of his associates.

57. At no relevant time did the Plaintiff consent to the use of funds invested in the various joint venture agreements for any purpose other than for use in furtherance of the various joint venture agreements.

58. As described herein, the Defendant on multiple occasions falsely represented the status of the various joint venture agreements to avoid detection of its true status.

59. The Defendant's wrongful actions and abuse of his position of trust described herein caused the Plaintiff a loss in an amount of her investments in the various joint venture agreements along with other related losses.

**WHEREFORE**, Plaintiff seeks a declaration that the monies owed to her by the Defendant in connection with the investments into the various joint venture agreements is a non- dischargeable debt which is the responsibility of the Defendant under 11 U.S.C. § 523(a)(4); along with an award of compensatory damages, counsel fees, cost of suit and such other and further relief as the Court deems just and equitable.

## **FOURTH COUNT**

60. The Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

61. 11 U.S.C. § 523(a)(6) provides that "discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

62. The Defendant's wrongful actions, as fully set forth above, with the willful and malicious intent to injure and harm the Plaintiff caused the Plaintiff a loss of the amounts she invested in the various joint venture agreements.

**WHEREFORE**, Plaintiff seeks a declaration that the monies owed to her by the Defendant in connection with the investments into the various joint venture agreements is a non- dischargeable debt which is the responsibility of the Defendant under 11 U.S.C. § 523(a)(6); along with an award of compensatory damages, counsel fees, cost of suit and such other and further relief as the Court deems just and equitable.

## RESERVATION OF RIGHTS

63. The Plaintiff reserves her right to amend the Complaint if necessary.

Dated: October 30, 2025

**KRAVIS & ASSOCIATES, PLLC**

Andrew R. Kravis, Esq.
31275 Northwestern Hwy.
Suite 145
Farmington Hills, MI 48334
Tel: 248-516-1275
Email: andrew@kravislaw.com
*Counsel for Amy Flips, LLC*